IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TERRY WELLS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-04148-CV-C-ODS ) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

### ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying his application for disability insurance benefits. The Commissioner's decision is reversed, and the case is remanded for further proceedings.

1. The Administrative Law Judge ("ALJ") set forth a residual functional capacity ("RFC") that is not supported by the substantial evidence in the record. The ALJ found Plaintiff has the following severe impairments: "low back pain and degenerative joint disease secondary to an all-terrain vehicle accident with neuropathy and spinal abscesses." R. at 18. The ALJ determined Plaintiff has an RFC "to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b)." R. at 20. In formulating Plaintiff's RFC, the ALJ gave the opinion of a consultative examiner, who found Plaintiff had no limitations, "no weight because [it is] completely contrary to the rest of the record." R. at 26. Nonetheless, the ALJ found "no reason to attack the [examiner's] clinical findings," because they were consistent with an absence of treatment in the eight to nine month period prior to Plaintiff's hearing. *Id.* The ALJ gave some weight to the opinion of Plaintiff's treating physician, Dr. Jones, due to a lack of treatment in the eight to nine months prior to the hearing. *Id.*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

Plaintiff reported he had to retire early due to injuries sustained in an all-terrain vehicle accident. R. at 21. As a result, Plaintiff's pension was considerably smaller than planned, and "nearly his entire pension payment goes towards" health insurance premiums, and he cannot afford co-pays. *Id.* The ALJ determined Plaintiff used tobacco products and could have diverted money to his co-pays rather than purchase tobacco products. R. at 26. This finding was based on one reference in the consultative examiner's notes, but the notes do not specify when this tobacco use occurred. R. at 537. However, the record indicates Plaintiff has not used tobacco products for many years. R. at 105, 311, 371-72, 385, 364, 442, 444, 446, 448, 450, 452, 454, 456, 511.

Furthermore, the ALJ relied on an absence of prescription refills by Dr. Jones in the eight to nine months prior to the hearing to create Plaintiff's RFC. R. at 24. "While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if...the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992) (citation and internal quotation omitted). While a lack of office visits or medications may support the ALJ's ultimate decision in this matter, the ALJ has a duty to investigate and more fully develop the record regarding whether Plaintiff received medications without office visits during the eight to nine months before the hearing.

      2.      In finding Plaintiff had an RFC for light work consistent with his past relevant work, the ALJ described Plaintiff's daily activities as "fairly active." R. at 21. This description is not consistent with the function report completed by Plaintiff in which he describes an ability to walk for only five to ten minutes at a time, tinkering with his hobby of sign painting only when his pain level permitted, and an inability to drive for over an hour without severe pain.[2] R. at 224-25. Plaintiff also states he is unable to, among other things, tie his shoes, take a bath alone, do yard work, perform his job, pick up his grandchildren, and sleep without having back spasms. R. at 225. The record suggests, particularly Plaintiff's testimony, function report, and statements by Dr. Jones,

---

[2] The ALJ states Plaintiff is able to "walk the dog," but Plaintiff's function report does not mention a dog. R. at 224-30. Plaintiff does have a cat, and is able to help feed and clean its litter box with his wife's occasional help. R. at 225.

2

the presence of some limitations on Plaintiff's physical abilities. Yet, the RFC contained no physical limitations, a finding that is not harmonious with the record.

3. Upon remand, the ALJ must:

    a. carefully consider the credibility of Plaintiff's subjective complaints of pain and any medication or treatment received in the eight to nine months prior to the hearing. The ALJ must also consider how Plaintiff's financial situation may have affected his ability to seek treatment in that time period. The ALJ should contact Dr. Jones, if necessary.

    b. set forth an RFC that includes limitations related to Plaintiff's physical conditions, including but not limited to Plaintiff's low back pain and degenerative joint disease, which the ALJ found to be severe impairments, as well as the other physical conditions alleged by Plaintiff and found by the ALJ (i.e., a syncopal episode, hearing loss, bilateral shoulder osteoarthritis, small hiatal hernia, slight coronary artery disease, and mild emphysematous changes) to the extent that any/all of these physical conditions are supported by substantial evidence of the record and impact Plaintiff's ability to work.

    c. assess Plaintiff's credibility, accounting for Plaintiff's work history and attempts to return to work, daily activities, subjective complaints of pain after undergoing physical therapy, and any other pertinent considerations.

4. To the extent the ALJ finds Plaintiff can return to his past work as an automobile repair service estimator, the ALJ must make findings of fact regarding the physical and mental demands of Plaintiff's previous job.

IT IS SO ORDERED.

DATE: February 21, 2017

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3

Case 2:16-cv-04148-ODS   Document 13   Filed 02/21/17   Page 3 of 3